UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCESCO MURANO and
JENNIFER MURANO,

     *Plaintiffs,*

v.

APPLE EIGHT HOSPITALITY
MASSACHUSETTS, INC.,
APPLE EIGHT HOSPITALITY
MASSACHUSETTS SERVICES, INC., and
CRESTLINE HOTELS & RESORTS, LLC,
     *Defendants.*

No. 24-cv-12135-DJC

### ORDER ON PLAINTIFF'S
### MOTION TO COMPEL DISCOVERY RESPONSES

LEVENSON, U.S.M.J.

### INTRODUCTION

Plaintiff Francesco Murano ("Mr. Murano") alleges that, while he was a guest at a hotel

operated by Defendants, he fell and was injured when the toilet he was sitting on came loose

from the floor. Mr. Murano and his wife ("Plaintiffs") brought suit against the hotel owners and

operators for negligence.

Currently before the Court is Plaintiffs' motion for discovery. Docket No. 41. Plaintiffs

move to compel Defendant Crestline Hotels & Resorts, LLC ("Crestline")—the operator of the

Hotel—to supplement its interrogatory responses, produce all documents responsive to two of its

Requests for Production ("RFPs"), and to produce an adequately prepared Rule 30(b)(6)

designee for deposition. Crestline has submitted an opposition to the motion, Docket No. 43, and

Judge Casper has referred the motion to me, Docket No. 42. For the reasons stated below,

Plaintiffs' motion is denied.

## I.    Factual Background

Mr. Murano allegedly was injured over four years ago, on January 8, 2022, while staying at the Residence Inn Marriott (the "Hotel") in Marlborough, Massachusetts. Docket No. 24 ¶ 7–9. He claims he was seated on the toilet in his room when it unexpectedly detached from its mounting ("the Incident"). *Id.* ¶ 8. Mr. Murano fell, landing on his side and injuring his shoulder, elbow, and hip. *Id.* ¶ 9. Following the Incident, a report (the "Incident Report") was completed by a Hotel staff member, Plaintiffs were moved to a new hotel room, and the toilet was repaired by the Hotel's Chief Engineer, Danny Thomas. *See* Docket No. 43 at 2, 6, 7. Mr. Thomas has since died (*id.* at 2), and the staff member who completed the Incident Report appears to no longer work for Crestline (*see id.* at 8).

## II.    Procedural History

Mr. Murano commenced this action in Middlesex Superior Court on July 15, 2024. Docket No. 1 at 1. In the original complaint, the named defendants were the owners of the Hotel: Apple Eight Hospitality Massachusetts, Inc. and Apple Eight Hospitality Massachusetts Services, Inc. (collectively, the "Apple Eight Defendants"). *Id.* The Apple Eight Defendants removed the case to the U.S. District Court for the District of Massachusetts on the basis of diversity jurisdiction, as Plaintiffs are citizens of the state of Florida, and the Apple Eight Defendants are citizens of Virginia. *Id.* at 2–3. On February 4, 2025, Mr. Murano amended his complaint, adding his wife, Jennifer Murano, as a Plaintiff, and adding Crestline as a Defendant. Docket No. 24. After Crestline was added, the deadline for discovery was extended until

February 27, 2026. Docket No. 39. On February 25, 2026, Plaintiffs filed the present motion.[1]

Docket No. 41.

### III.    Discussion

#### A.    *Interrogatory Responses*

Plaintiffs demand supplemental answers to two interrogatories regarding the inspection

of, and repairs to, the bathroom following the Incident.

**Interrogatory No. 18** asked:

Did Crestline or anyone on its behalf perform after the Incident any inspection of the area where the Incident occurred. If so, please state: a. in detail what was learned from any inspection; b. the name, residential address, and business address of each person, who conducted any inspection.

Docket No. 43 at 6. Crestline responded by referring Plaintiffs to the Incident Report included in

Crestline's produced documents. *Id.*

**Interrogatory No. 25** asked:

Has Crestline or anyone on its behalf made any changes, alterations, repairs or improvements to the bathroom and/or toilet where the Incident occurred since January 8, 2022. If so, please state the following: a. what changes, alterations, repairs or improvements were made; b. when they were made; c. who made any such changes, alterations, repairs or improvements.

Docket No. 43 at 6. Crestline responded by stating that "[t]he toilet was repaired the day after the

incident by in-house staff." *Id.* at 7.

---

[1] Plaintiffs' motion, as it appears in the docket has some notable gaps. First, there appear to be passages missing. Several sentences spanning two pages do not form complete sentences (*see, e.g.* Docket 41 at 1–2, 3–4), and there is no section A, although there are sections B, two section Cs, D, E and IV. *See id.* at 2–7. Second, exhibits A, B, C, D, and E contain deposition testimony, responses to RFPs, and answers to interrogatories. Many pages of the exhibits contain redactions or highlighting that render the text illegible, including the interrogatories and RFPs at issue in Plaintiffs' motion. *See e.g. id.* at 11–15, 35–37, 45–47. I therefore rely on the excerpts in Crestline's opposition. Docket No. 43.

Plaintiffs contend that Crestline's answers to these interrogatories are insufficient. They argue that Crestline's representation that the toilet was repaired the day after the incident suggests that Crestline knows more than it has disclosed. In Plaintiffs' words, "it necessarily knows more than that single sentence conveys." Docket No. 41 at 2. Plaintiffs further assert that Crestline should be able to identify "what was physically done to the toilet, what parts were replaced or reinstalled, or which specific employees performed the work." *Id.*

Crestline asserts that the only information it has regarding the Incident is contained in its preventative maintenance/inspection logs, which have been produced. Docket No. 43 at 6. Crestline states that the individual who completed the toilet repair is believed to be Mr. Thomas, Crestline's Chief Engineer, who has since died. *Id.* at 7. Crestline argues that it cannot produce more details because there is no further information to provide. *Id*. at 6.

Crestline has the better of the arguments.

"The Federal Rules of Civil Procedure do not require a party to obtain and produce information that it neither possesses nor controls." *Cont'l W. Ins. Co. v. Opechee Constr. Corp.*, No. 15-CV-006-JD, 2016 WL 1642626, at *3 (D.N.H. Apr. 25, 2016). Plaintiffs' contention that Crestline somehow must know more about the aftermath of a relatively minor room repair that occurred more than four years ago is wholly speculative. While Crestline must produce such information as it *has*, it can't be expected to do more than that. Notwithstanding Plaintiffs' protestations to the contrary, there is nothing improbable or uncreditable about Crestline's response. On the record before me, I see no reason to doubt Crestline's representation that any knowledge of what transpired has vanished with the employees who were responsible for the inspection and repair. It seems that the report of incident was written by someone who is no longer employed by Crestline and that the repair was performed by someone who is now

deceased. Specific details about the repair, such as "what was physically done to the toilet, [or] what parts were replaced or reinstalled" appear to have been lost to the passage of time.

The existence of the Incident Report confirms that Crestline kept some record of the Incident but does not imply that further knowledge exists. Crestline cannot be compelled to produce information it does not possess.

### B.    Requests for Production

Along the same lines, Plaintiffs seek to compel Crestline to produce additional documents related to the inspection of and repairs to the bathroom sought in RFPs Nos. 2 and 24. Docket No. 41 at 8.

**Request No. 2** sought "all statements, whether written or recorded, taken by or on behalf of Defendant, Crestline, from any person who inspected, repaired, reinstalled and/or replaced the toilet involved in the Incident." Docket No. 43 at 4. Crestline responded by stating "None are in the possession, custody, or control of the Defendant." *Id.*

**Request No. 24** sought "all documents relating to any inspection of the bathroom where the Incident occurred on or since January 8, 2022." *Id.* at 5. Crestline responded by stating: "Please see documents kept in the usual course of business in Defendant's production of document response, which are being provided electronically." *Id.*

Plaintiffs contend that there must be "statements, work orders, communications, or notes" from the in-house staff who performed the repair, which would be responsive and would be within Crestline's control. Docket No. 41 at 2. Crestline argues that there are no such documents, and that the maintenance logs already produced are responsive and exhaustive. *See* Docket No. 43 at 4, 5.

Plaintiffs' assertions that additional documents outlining the repairs made to the toilet may exist are speculative. There is nothing before the Court to would suggest that someone

would have prepared a written record detailing the tools used or parts replaced in repairing a toilet. The Court cannot compel Crestline to produce documents that do not exist. *See Yourga v. City of Northampton*, No. 16-CV-30167-MGM, 2018 WL 4268894, at *1 n.2 (D. Mass. Sept. 6, 2018).

Plaintiffs make much of the prejudice they suffer given the death of Mr. Thomas—the person who most likely fixed the toilet. Docket No. 41 at 3, 6. But if records were not kept containing the details Plaintiffs seek, Defendants cannot produce them.

### C.      Deposition

Plaintiffs seek to compel Crestline to produce a more adequately prepared Rule 30(b)(6) designee for continued deposition on five topics. Docket No. 41 at 8.

On January 20, 2026, Mr. Idrees Raja, the General Manager of the Hotel, was deposed.[2] Docket No. 41 at 35; Docket No. 43 at 3. Mr. Raja's deposition lasted forty one minutes. Docket No. 43 at 9. Mr. Raja was designated to testify on five[3] topics related to the condition and inspections of the toilet:

- <u>Topic 13</u>: The condition of the bathroom and toilet at, on, around or about which the Incident occurred.

- <u>Topic 14</u>: Any inspections made of the bathroom and toilet at, on, around or about which the Incident occurred in the three years prior to January 8, 2022.

- <u>Topic 18</u>: Any inspection of the bathroom and/or toilet at, on around or about which the Incident occurred after Crestline learned of the Incident.

---

[2] On January 8, 2022, the date of the Incident, Mr. Raja was the General Manager of a different Crestline hotel, and another manager—who no longer works for Crestline—was the General Manager of the Hotel. Docket No. 43-1 at 2.

[3] Plaintiffs' motion requests a designee for topics 13, 14, 18, 19, and 20, but does not list those topics. Docket No. 41 at 8. Crestline's opposition states that Mr. Raja was designated to testify to six topics, but then recites the same five topics that are in Plaintiffs' motion. Docket No. 43 at 7-8. I have considered only the five topics listed in Crestline's opposition, reproduced here.

- Topic 19: The name of any persons who made any inspection of the bathroom and/or toilet at, on, around or about which the Incident occurred after Defendant learned of the Incident.

- Topic 20: Any alterations, changes, repairs, improvements or remedial measures taken with respect to the bathroom and/or toilet at, on, around or about which the Incident occurred after the Incident occurred.

Docket No. 43 at 7–8.

Plaintiffs argue that Mr. Raja was not adequately prepared for the deposition and suggest that other Crestline employees have more knowledge of the Incident but did not share it with Mr. Raja. *See* Docket No. 41 at 4. Specifically, Plaintiffs highlight that Mr. Raja could not identify who performed the toilet repair, what the repair entailed, or whether the repair occurred the day of, or the day after the Incident. *Id.* Crestline contends that it made a good faith effort to prepare Mr. Raja, and that he was prepared to speak on the topics for which he was designated, but that there is some information that it does not possess, such as what exactly was repaired. Docket No. 43 at 8. Moreover, Crestline contends, Plaintiffs complain about Mr. Raja's inability to address topics that were not designated in the R. 30(b)(6) notice, such as when the repair occurred, and who performed it. *Id.*

Federal Rule of Civil Procedure 30(b)(6) "allows an organization to designate an individual to 'testify on its behalf.'" *Tr. of Bos. Univ. v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014) (quoting *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010)). When a designee lacks personal knowledge of the requested information, the organization is required to make a good faith-effort to prepare its designees so that they can answer questions fully, completely, and unevasively. *Briddell v. Saint Gobain Abrasives, Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005). "If necessary, the deponent must use documents, past employees, and other resources in performing this required preparation." *Id.* "When assessing whether a Rule 30(b)(6) deponent adequately prepared for the deposition,

7

courts have examined whether the deponent spoke to other employees with relevant information, reviewed relevant documents, and conferred with the organization's counsel." *Santiago Garcia v. Costco Wholesale Corp.*, No. 19-CV-1082 (SCC/BJM), 2020 WL 3669642, at *1 (D.P.R. July 6, 2020) (citing *Cooper v. Charter Commc'ns., Inc.*, 3:12-CV-10530-MGM, 2016 WL 1430012, at *2 (D. Mass. Apr. 11, 2016)). However, "[i]f a corporation genuinely cannot provide an appropriate designee because it does not have the information, cannot reasonably obtain it from other sources and still lacks sufficient knowledge after reviewing all available information, then its obligations under the Rule cease." *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) (citing *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 39 (D. Mass. 2001)).

Mr. Raja's deposition testimony demonstrates that Crestline made a good faith effort to prepare him regarding the five topics on which he was designated to speak. Mr. Raja stated that although he did not work at the Hotel at the time of the incident, he had become knowledgeable about the five designated deposition topics through his review of paperwork that an attorney had shared with him, and through speaking with the attorney. *See* Docket No. 43-1 at 3. Mr. Raja testified that he reviewed the Incident Report and spoke to one of the witnesses listed on the report, Abid Ali Jemani (another deponent, Docket No. 41 at 40), but that he did not speak to the housekeeping manager who completed the Incident report, Yesenia Zamora, who no longer works at the Hotel. Docket No. 43-1 at 7. Mr. Raja testified that he reviewed a General Liability Claim Reporting Form but did not discuss the form with the individual who filled out the form. *Id*. Mr. Raja further testified that he had reviewed maintenance records in preparation for his deposition and noted that preventative maintenance was typically performed quarterly and had been performed in November or December of 2021, one to two months prior to the Incident.

Docket No. 43-1 at 8. This preparation and knowledge reflect that Mr. Raja took reasonable steps to prepare for his testimony as a corporate representative. Because Crestline did not violate its duty to prepare its Rule 30(b)(6) designee, Plaintiff's motion to compel another adequately prepared designee is denied.

Although Mr. Raja answered "I don't know" to multiple questions, they were primarily in response to questions that had not been designated as deposition topics. *See, e.g.* Docket No. 43-1 at 4 (responding "I don't know" to questions about the size of the maintenance team, Mr. Thomas's title); Docket No. 43-1 at 7 (responding "I don't know" to questions about whether the housekeeping manager who completed the Incident report was still working for Crestline, and how Crestline first became aware of the Incident). Mr. Raja acknowledged that he lacked knowledge as to the condition of the subject bathroom on the date of the Incident, but – as discussed above – there is nothing before the Court to suggest that such information is available.

Mr. Raja's inability to answer certain questions does not reflect a lack of adequate preparation, but a lack of knowledge available to Crestline. With a deceased chief engineer, and only one employee still working at the Hotel with information about the Incident four years later, it is not surprising that the details of the toilet repair have been lost to the passage of time. See Docket No. 43 at 7, 8.

CONCLUSION

For the forgoing reasons, the motion is DENIED.[4] Both parties to bear their own costs.

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: April 2, 2026

---

[4] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).